# Green & Willstatter
ATTORNEYS AT LAW
200 MAMARONECK AVENUE
SUITE 605
WHITE PLAINS, NEW YORK 10601

THEODORE S. GREEN  (914) 948-5656
RICHARD D. WILLSTATTER  FAX (914) 948-8730  E-MAIL: THEOSGREEN@MSN.COM

August 26, 2014

HON. VINCENT L. BRICCETTI
United States District Court
300 Quarropas Street
White Plains, New York   10601

  re: *United States v. Melvin Lowe*, 13 Cr 985 (VB)

Dear Judge Briccetti:

  This letter is submitted in opposition to the government's motion and in support of a defense application a) to admit a prior conviction and judicial admissions of the defendant's tax preparer from the record of *United States v. Mofunanya*, 13 Cr. 11 (JGK), pursuant to Fed. R. Evid. 806; b) to permit the defense to raise a defense or reliance on a tax preparer; and c) to permit the defense to offer statements of the defendant from proffer sessions under Fed. R. Evid. 106  and under the rule of completeness, and for a hearing on the government's application to offer proffer statements.

Impeachment of Tax Preparer's Out-of-Court Statements

  The government contends that the tax returns that were prepared and subscribed to by a paid preparer are only being offered as statements of the defendant.  At the same time, the government contends that "the defendant and his tax preparer acted together in knowingly preparing and filing the defendant's false tax returns."  Government 8/19/14 letter at 2.  This contention furnishes two additional grounds for invoking Rule 806 because that rule expressly applies to out-of-court statements that the offering party contends are of an alleged co-conspirator "during and in furtherance of the conspiracy", 801(d)(2)(E), as well as a statement that the offering party contends "was made by a person whom the [opposing] party authorized to make a statement on the subject."  801(d)(2)(C).

  While we disagree with the government that there is no impeachment value in Mofunanya's conviction and his assertions of being a poorly-trained tax preparer, it is also important to note that Rule 806 does not use the word "impeach."  Rather, it states more broadly that "the declarant's credibility may be attacked" and this may be accomplished "by any evidence that would be admissible for those purposes if the declarant had testified as a witness."

Defense of Reliance on Paid Tax Preparer

The documentary records evidence that the defendant went to Mofunanya in 2010 and that Mofunanya held himself out as a financial consultant and a professional tax preparer. That very same year (and unknown to the defendant), the tax preparer had himself commenced committing a self-serving, and large-scale fraud for which he was later convicted, nor did the defendant know of the tax preparer's limited training and experience, which Mofunanya would later admit in papers filed in connection with a sentencing memorandum. The documents also show that the defendant sought to have tax returns prepared going back a number of years (including years beyond the statute of limitations). The defendant was not under a threat of criminal prosecution when he sought assistance in preparing his returns. While the government alleges that the tax preparer sent separate documents and returns to Tapestry management, stating a substantially higher income than what the preparer entered on the IRS returns, this also evidences that the defendant did not withhold from the preparer how much money his businesses were making.

The government will be asking the jury to infer, from a documentary record, that the defendant knowingly and wilfully filed false returns The defense should be permitted to argue that the government has not met its burden of proof and to present to the jury the principles that govern when the defendant has relied on a professional tax preparer.

Government's Application to Use Proffer Statements

If the government intends to offer evidence of proffer statements, then the defendant, pursuant to Fed. R. Evid. 106 and the rule of completeness, ought to be permitted to offer other parts of those statements and/or other statements that in fairness should be considered contemporaneously. While this rule is stated as to writings, Fed. R. Evid. 611(a) renders it substantially applicable to oral testimony as well. *United States v. Johnson*, 507 F.3d 793 (2nd Cir. 2007). Accordingly, specifically with respect to the government's application regarding the subject matter of the tax returns, the defendant should be permitted to offer defendant's statement, made in a subsequent proffer less than two weeks later, regarding the fact that he believed he received bad advice from the tax preparer.

We also request a hearing, outside the presence of the jury, prior to admission of this, or any other proffer statements, concerning the nature and scope of any proffer statements sought to be elicited and to be heard on our application to admit additional parts of the statements or other statements.

For example, the government also contends that it may wish to offer a statement alleged to have been made in a May 23, 2013 proffer. The government's memorandum of interview from that date includes additional context to the effect that that another consulting firm "was responsible for Lowe getting pushed out of receiving work from the" Democratic State Campaign Committee (DSC), and that this occurred "during a time when [Lowe] was going to partner with" another firm to do 'hits', negative pieces of news, on certain republicans. Lowe said he was to get paid $100,000 from the DSC for the work."

2

                                        Very truly yours,

                                        *s/ Theodore S. Green*

                                        THEODORE S. GREEN

cc:   All counsel (by ECF)