

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

United States Courthouse
300 Quarropas Street
White Plains, New York 10601

September 4, 2014

Hon. Vincent L. Briccetti
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:  *United States v. Lowe*, 13 Cr. 985 (VB)

Dear Judge Briccetti:

The Government respectfully submits this letter to modify
the definition of fraud that appears in the fourth paragraph of
Request 11 (page 21) of the proposed jury instructions it
submitted to the Court on August 15, 2014.  The Government
requests that the Court charge the jury that:

> The term "fraud" embraces all of the various means
> people can devise to gain an advantage over another by
> false representations or the suppression of the truth.
> A failure to disclose information may constitute a
> false representation if the defendant was under a
> legal, professional, or contractual duty to make such
> a disclosure, the defendant actually knew such a
> disclosure ought to be made and the defendant failed
> to make such a disclosure with the intent to defraud.
> An agent owes a duty of good faith and loyalty to his
> principal and must disclose material information.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-
3.  The Government makes this request based on the developing
defense to the conspiracy and fraud charges contained in Counts
1 and 2 that the $100,000 invoice the defendant gave to the DSCC
for "printing" was not false because he intended at that time to
develop and print negative campaign mailers.

The evidence demonstrates that the defendant was a highly
paid chief political consultant for the DSCC and played a
significant role in its operations.  Thus, he clearly had a duty
not only to refrain from affirmatively making false statements
to the DSCC, but also to disclose material facts, i.e., that
there were no printing services provided, that he personally

received most of the money and that Michael Nieves was paid $20,000 of that $100,000.  *E.g.*, *United States v. Rybicki*, 354 F.3d 124, 127 (2d Cir. 2003)(en banc)("a person in a relationship that gives rise to a duty of loyalty comparable to that owed by employees to employers" purports to act in his employer's interests but secretly acts in his own interests instead commits fraud); *United States v. Sancho*, 157 F.3d 918 (2d Cir. 1998) (consultant-agent owes duty of loyalty to his principal and must disclose material facts).

Consistent with this well-settled case law, the Government requests that the Court instruct the jury as set forth above to include the instruction that it could conclude the defendant engaged in fraud by failing to disclose material facts to his principal as well as by making affirmative misrepresentations.


Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York


By:_____/s_____
James McMahon/Perry A. Carbone
Assistant United States Attorneys
(914) 993-1936/1945


cc:  Theodore Greene, Esq. (by ECF)